OPINION OF THE COURT
John J. Connell, J.
The defendant was arrested and arraigned on July 19, 2000 on charges of rape in the first degree, rape in the third degree, incest and endangering the welfare of a child. The case was adjourned to August 3, 2000, at which time the matter was *697 waived to the Grand Jury. The defendant was released on his own recognizance with the consent of the District Attorney.
Prior to the defendant’s arrest, the police and the District Attorney had in their possession a note written by the complainant which indicated her intention to “frame” the defendant for the charges alleged. Defense counsel, by way of a letter dated July 21, 2000, requested that the District Attorney inform the Grand Jury about the contents of that note. The District Attorney never responded to the defendant’s letter.
This matter came before this Court by way of a notice of motion dated Friday, March 23, 2001, wherein the defendant sought dismissal of a felony complaint pursuant to CPL 30.30. The motion was filed more than eight months following his arrest. On Monday, March 26, the District Attorney assured defense counsel that he would look into the matter and get back to him. The following day, March 27, the District Attorney told defense counsel that between the telephone conversation the day before and March 27, the case had been presented to a Grand Jury and no billed. The Grand Jury was not due to “rise” on the no bill finding until the first week in April.
In addition to the speedy trial relief requested, the defendant’s motion also sought the imposition of costs and sanctions against the Monroe County District Attorneys Office for frivolous conduct pursuant to 22 NYCRR 130-1.1 and for attorneys fees “incurred in bringing the criminal action” herein.
As of March 30, 2001, the return date of the motion, no opposing papers had been filed and no explanation offered as to why a response from the People was not interposed. Accordingly, the Court granted the defendant’s motion in its entirety.
Before signing a proposed order, which had been submitted to the Court and which included an award of attorney’s fees in the amount of $3,737.50, the People moved to reargue that portion of the motion which granted the defendant’s request for costs, sanctions and attorneys fees. That motion was granted and reargument on the application of 22 NYCRR 130-1.1 was heard.
Although the People would not disclose whether any witnesses were even called to the Grand Jury in this matter, they did acknowledge that the case was presented only in response to defendant’s speedy trial motion and “not for the purpose of obtaining an indictment, but for the purpose of having the charges dismissed.” (Transcript, Apr. 27, 2001, at 8.)
*698 The People acknowledged that there was no excuse for not responding to the original motion to dismiss.
The defendant’s reliance on 22 NYCRR 130-1.1 is misplaced. 22 NYCRR 130-1.1 deals only with the award of costs and imposition of financial sanctions for frivolous conduct in civil litigation. Therefore, it has no application in this criminal matter. Furthermore, the defendant’s reliance on this Court’s decision in People v Sacco (141 Misc 2d 98) is also misplaced. This Court, in that matter, entertained an application by the defendant for attorney’s fees under the specific authority granted in CPL 240.70. There is no such authority specifically cited by the defendant to support his application herein.
Accordingly, although the additional burden on the Court, defense counsel and District Attorney’s Office as a result of the failure of the prosecutor to expeditiously handle this case makes the defendant’s request for sanctions appealing to this Court and perhaps should give encouragement to the Legislature to draft appropriate statutory authority for such sanctions, the defendant’s motion pursuant to 22 NYCRR 130-1.1, seeking the imposition of costs and sanctions for frivolous conduct, including attorney’s fees, is hereby denied.
However, since the People were not ready for trial within the six months required by statute, the defendant’s motion pursuant to CPL 30.30 seeking dismissal of the felony complaint charging the defendant with rape in the first degree, rape in the third degree, incest and endangering the welfare of a child is hereby granted.